IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00103-BNB

NEAL ALLEN MORRIS,

    Plaintiff,

v.

THE STATE OF COLORADO,
THE EXECUTIVE BRANCH OF THE GOVERNMENT OF COLO. (Including but not
    limited to),
THE GOVERNOR OF COLORADO,
THE COLORADO DEPT. OF CORRECTIONS (DOC) AND EMPLOYEES AND
    CONTRACT WORKERS THEREOF,
THE COLORADO STATE PAROLE BOARD] AND EMPLOYEES AND CONTRACT
    WORKERS THEREOF,
THE COLO. ADULT PAROLE AND COMMUNITY CORRECTIONS (COMCOR) AND
    EMPLOYEES AND CONTRACT WORKERS THEREOF,
THE KIT CARSON CORRECTIONAL CENTER (KCCC) IN KIT CARSON COUNTY,
    COLORADO,
BILL RITTER JR., Governor of the State of Colorado,
ARISTEDES W. ZAVARAS, Executive Director of the DOC,
ANTHONY A. DeCESARO, Grievance Officer of DOC,
JEANNIE MILLER, Executive Director of the Colorado State Parole Board,
TIM HAND, Executive Director of COMCOR,
WES ALLEN, With COMCOR,
DAVID ALLEN, Parole Officer with West Metro Parole Office,
CORY POWERS, Parole Officer with the West Metro Parole Office,
HOYT BRILL, Warden of KCCC,
MR. WILKERSON, Assistant Warden of KCCC,
MR. WINDSLOW, Legal Access Facilitator of KCCC,
MR. HASSENFRITZ, Unit E Unit Manager of KCCC,
MS. COOPER, Unit C Unit Manager of KCCC,
MS. PATTON, Unit E Case Manager of KCCC,
MS. VAUGHN, Unit C Case Manager of KCCC,
MS. MAINE, Private Prison Monitor Unit Staff of KCCC
MR. SMELSER, Private Prison Monitor Unit Staff of KCCC,
MR. PHILLIPS, Code of Penal Discipline Hearing Officer of KCCC,
MS. BLAKE, Grievance Officer at KCCC,
MR. OSBORN, Property Officer of KCCC, and
OTHER DOC, PAROLE BOARD, AND COMCOR PARTIES WHO ARE CURRENTLY
    UNKNOWN,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 23 2009

GREGORY C. LANGHAM
    CLERK

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Neal Allen Morris, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Morris has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Morris is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

For the most part, Mr. Morris asserts that his due process and equal protection rights were violated when he was subjected to a DOC disciplinary hearing, rather than a parole revocation hearing, that resulted in the revocation of his participation in the Intensive Supervision Program (ISP) and reincarceration at the DOC. Mr. Morris also asserts that he has been retaliated against for filing the instant law suit and discriminated against because he is not allowed to participate in education programs due to his age. For the reasons stated below, Mr. Morris will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Morris and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the Mr. Morris is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Morris fails to set forth a short and plain statement of his claims showing that he is entitled to relief. Mr. Morris's claims are repetitive and unnecessarily verbose. Therefore, Mr. Morris will be directed to file an Amended Complaint that complies with the pleading requirements of Rule 8. Mr. Morris is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

With respect to any claims that Mr. Morris sets forth regarding the denial of his due process rights in the DOC disciplinary hearing, which resulted in his reincarceration, and is not a challenge to the constitutionality of the procedures used by the DOC to revoke his parole, his sole federal remedy is a writ of habeas corpus, after he has exhausted state court remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973). The Court will not consider the merits of any habeas corpus claims in this action.

Mr. Morris should also take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Morris must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Morris is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Morris further is instructed that the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of*

*Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long as the plaintiff seeks in substance only prospective relief, rather than money damages for alleged violations of federal law, and asserts claims against individual state officers. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276-77 (1997); *Hill v. Kemp*, 478 F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies, regarding the revocation of his parole, violate federal law he must name the DOC officials who are responsible for establishing or implementing those DOC policies. Accordingly, it is

ORDERED that **within thirty days from the date of this Order** Mr. Morris file an Amended Complaint that complies with this Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Morris, together with a copy of this Order, two copies of the Prisoner Complaint form for use in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Morris, within the time allowed, fails to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Complaint and the action will be dismissed without further notice.

DATED March 23, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00103-BNB

Neal Allen Morris
Prisoner No. 130198
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 3/23/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk