IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00103-BNB

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 18 2009

GREGORY C. LANGHAM
_____
CLERK

NEAL ALLEN MORRIS,

    Plaintiff,

v.

THE STATE OF COLORADO,
THE EXECUTIVE BRANCH OF THE GOVERNMENT OF COLO. (Including but not
    limited to),
THE GOVERNOR OF COLORADO,
THE COLORADO DEPT. OF CORRECTIONS (DOC) AND EMPLOYEES AND
    CONTRACT WORKERS THEREOF,
THE COLORADO STATE PAROLE BOARD] AND EMPLOYEES AND CONTRACT
    WORKERS THEREOF,
THE COLO. ADULT PAROLE AND COMMUNITY CORRECTIONS (COMCOR) AND
    EMPLOYEES AND CONTRACT WORKERS THEREOF,
THE KIT CARSON CORRECTIONAL CENTER (KCCC) IN KIT CARSON COUNTY,
    COLORADO,
BILL RITTER JR., Governor of the State of Colorado,
ARISTEDES W. ZAVARAS, Executive Director of the DOC,
ANTHONY A. DeCESARO, Grievance Officer of DOC,
JEANNIE MILLER, Executive Director of the Colorado State Parole Board,
TIM HAND, Executive Director of COMCOR,
WES ALLEN, With COMCOR,
DAVID ALLEN, Parole Officer with West Metro Parole Office,
CORY POWERS, Parole Officer with the West Metro Parole Office,
HOYT BRILL, Warden of KCCC,
MR. WILKERSON, Assistant Warden of KCCC,
MR. WINDSLOW, Legal Access Facilitator of KCCC,
MR. HASSENFRITZ, Unit Manager of KCCC,
MS. COOPER, Unit Manager of KCCC,
MS. PATTON, Case Manager of KCCC,
MS. VAUGHN, Case Manager of KCCC,
MS. MAINE, Private Prison Monitor Unit Staff of KCCC
MR. SMELSER, Private Prison Monitor Unit Staff of KCCC,
MR. PHILLIPS, Code of Penal Discipline Hearing Officer of KCCC,
MS. BLAKE, Grievance Officer at KCCC,
MR. OSBORN, Property Officer of KCCC, and

OTHER DOC, PAROLE BOARD, AND COMCOR PARTIES WHO ARE CURRENTLY UNKNOWN,

Defendants.

---

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

---

Plaintiff Neal Allen Morris is in the custody of the Colorado Department of Corrections and currently is incarcerated at the Kit Carson Correctional Center in Burlington, Colorado. He initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. §§ 1983, 1985, and 1986 and 28 U.S.C. § 1343. Magistrate Judge Boyd N. Boland entered an order on March 23, 2009, instructing Mr. Morris to amend the Complaint in keeping with Fed. R. Civ. P. 8. Mr. Morris filed an Amended Prisoner Complaint on April 24, 2009.

The Court must construe the Amended Prisoner Complaint liberally because Mr. Morris is a *pro se* litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. **Hall**, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the Amended Prisoner Complaint in part and draw the action to a district judge and to a magistrate judge.

Mr. Morris sets forth six claims in the Amended Prisoner Complaint. In Claim One, he asserts that during his release from prison under the Intensive Supervision Program (ISP) his Fourth Amendment rights were violated, when community parole officers entered his home while he was gone from the home. In Claim Two, Mr. Morris asserts that he was denied due process in a disciplinary proceeding, which apparently

resulted in his return to prison. In Claims Three and Four, Mr. Morris asserts that participants in the ISP, such as himself, should be considered the same as parolees who are paroled pursuant to Colo. Rev. Stat. § 18-1.3-401(V( (D). In Claim Five, Mr. Morris asserts that he has been retaliated against for his efforts in challenging the unconstitutional ISP disciplinary proceedings and for filing the instant action. Finally, in Claim Six, Mr. Morris asserts that in violation of his equal protection rights Defendants have denied him access to education programs because of his age. Mr. Morris seeks declaratory and injunctive relief.

Upon consideration of Mr. Morris's ability to challenge parole procedures in a § 1983 action, pursuant to *Wilkinson v. Dotson*, 544 U.S. 74 (2005), and Mr. Morris's separate pending 28 U.S.C. § 2254 action, Case No. 08-cv-02822-BNB, specifically his Amended Application filed on May 5, 2009, in that case, the Court finds that review of Claims One through Four in this action is inappropriate. *Wilkinson* does permit challenges in a 28 U.S.C. § 1983 action to the constitutionality of procedures used in parole revocation, which the Court finds includes challenges to revocation of an ISP status. The use of § 1983 to raise such claims, however, is discretionary.

In the Amended Complaint, Mr. Morris intertwines claims that challenge his own ISP revocation hearing along with claims challenging the constitutionality of the ISP DOC regulations. To allow Mr. Morris the ability to raise due process claims regarding ISP revocation procedures and how his own ISP revocation was affected in two separate actions is judicially inefficient and subject to contrary results. Furthermore, challenges to Mr. Morris's own disciplinary proceeding, as was explained to him by

3

Magistrate Judge Boland in the March 23, 2009, Order, more properly are raised in a 28 U.S.C. § 2241 action. Therefore, the Court will dismiss Claims One through Four.

Plaintiff's Amended Complaint also suffers from other deficiencies. Mr. Morris was instructed by Magistrate Judge Boyd N. Boland that the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Defendants State of Colorado, Executive Branch of the Government of Colorado, Colorado Department of Corrections, Colorado State Parole Board, Colorado Adult Parole and Community Corrections, and Kit Carson Correctional Center will be dismissed from the action.

As for Claim Five, Mr. Morris identifies seven defendants by corresponding numbers. He asserts that Defendant Nos. 10, 12, 14, 15, 18, 19, and 20 either are

"directly involved" or have failed to correct the alleged retaliation. Mr. Morris does not assert, as he was instructed to do in Magistrate Judge Boland's March 23, 2009, Order, and in keeping with *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007), what each defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. Mr. Morris has failed to comply with the March 23, 2009, Order, and Defendants Hoyt Brill, Ms. Cooper, Ms. Vaughan, Ms. Maine, Ms. Blake, Mr. Osborn, and Other DOC, Parole Board, and ComCor Employees, Nos. 10, 12, 14, 15, 18, 19, and 20, will be dismissed without prejudice.

Nonetheless, Mr. Morris, in the text of Claim Five, does refer to actions committed by Defendants Mr. Wilkerson and Mr. Windslow that demonstrate alleged retaliation. Therefore, Claim Five as asserted against Defendants Wilkerson and Windslow will be drawn to a district judge and to a magistrate judge.

Claim Six, as alleged against Aristedes W. Zavaras, Hoyt Brill, Ms. Cooper, Ms. Vaughan, Ms. Maine, and Ms. Blake, Nos. 3, 10, 12, 14, 15, and 18, also will be drawn to a district judge and to a magistrate judge. Accordingly, it is

ORDERED that Claims One through Four are dismissed for the reasons set forth above. It is

FURTHER ORDERED that Claim Five as asserted against Defendants Mr. Wilkerson and Mr. Windslow and Claim Six as asserted against Defendants Aristedes W. Zavaras, Hoyt Brill, Ms. Cooper, Ms. Vaughan, Ms. Maine, and Ms. Blake shall be drawn to a district judge and to a magistrate judge. It is

FURTHER ORDERED that the remaining Defendants shall be dismissed as inappropriate parties to the action.

DATED at Denver, Colorado, this 18 day of May, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00103-BNB

Neal Allen Morris
Prisoner No. 130198
Kit Carson Corr. Center
PO Box 2000
Burlington, CO 80807

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 5/18/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk