IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00103-CMA-BNB

NEAL ALLEN MORRIS,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of the DOC,
HOYT BRILL, Warden of KCCC,
MR. WILKERSON, Assistant Warden of KCCC,
MR. WINDSLOW, Legal Access Facilitator of KCCC,
MS. COOPER, Unit Manager of KCCC,
MS. VAUGHN, Case Manager of KCCC,
MS. MAINE, Private Prison Monitor Unit Staff of KCCC, and
MS. BLAKE, Grievance Officer at KCCC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the plaintiff's **Request for Judicial Notice and Petition for Immediate Intervention and Oversight by the District Court** [Doc. #23, filed 06/09/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be DENIED.

The plaintiff was incarcerated by the Colorado Department of Corrections at the Kit Carson Correction Center ("KCCC") at the time he filed this action. The plaintiff asserts that a KCCC prison official, Mr. Windslow, is harassing him and denying him access to the courts. As a result, he seeks "an expedited schedule for a resolution of the matters in this Action" and reassignment of Mr. Windslow. On September 3, 2009, the plaintiff filed a notice of change of address which informs the court that the plaintiff is no longer incarcerated at KCCC [Doc. #35].

The plaintiff's request for injunctive relief must be denied because the plaintiff is no longer incarcerated at KCCC. A plaintiff's request for an injunction must be denied where "entry of injunctive relief in [the plaintiff's] favor would have no effect on the defendants' behavior." Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997).

I respectfully RECOMMEND that the Motion be DENIED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated October 27, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge