IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00103-CMA-BNB

NEAL ALLEN MORRIS,

Plaintiff,

v.

ARISTEDES W. ZAVARAS, Executive Director of the DOC,
HOYT BRILL, Warden of KCCC,
MR. WILKERSON, Assistant Warden of KCCC,
MR. WINDSLOW, Legal Access Facilitator of KCCC,
MS. COOPER, Unit Manager of KCCC,
MS. VAUGHN, Case Manager of KCCC,
MS. MAINE, Private Prison Monitor Unit Staff of KCCC, and
MS. BLAKE, Grievance Officer at KCCC,

Defendants.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises *sua sponte*. On October 27, 2009, I issued a Recommendation of United States Magistrate Judge [Doc. #36]. The Recommendation was mailed to the plaintiff, Mr. Morris, at his address of record at 4511 East 46th Avenue, Denver, Colorado, 80216. Also on October 27, 2009, I issued an Order, mailed to Mr. Morris at his address of record. Both of the envelopes addressed to Mr. Morris were returned as undeliverable [Docs. #38 and #39].

Accordingly, I ordered Mr. Morris to show cause in writing, on or before December 11, 2009, why the Complaint should not be dismissed for failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M, and for failure to prosecute pursuant to D.C.COLO.LCivR 41.1. I warned Mr. Morris that his failure to respond to my order on or

before December 11, 2009, would result in my recommendation that the Complaint be dismissed in its entirety.

The envelope containing the Order to Show Cause was returned as undeliverable [Doc. #49], and Mr. Morris has not responded to the Order to Show Cause. In addition, two other communications from the court have been returned as undeliverable [Docs. #48 and #50].

Mr. Morris's last filing in this case was received on September 3, 2009 [Doc. #35]. This filing notified the court that the plaintiff had moved to the above address. The court has not received a subsequent notice of change of address from Mr. Morris as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since September 3, 2009. Local rule of practice 41.1 provides:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal with or without prejudice.

I respectfully RECOMMEND that the Complaint be dismissed due to the plaintiff's failure to keep the court informed of his current address in violation of D.C.COLO.LCivR 10.1M and failure to prosecute in violation of D.C.COLO.LCivR 41.1.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 15, 2009.

                                      BY THE COURT:

                                      s/ Boyd N. Boland
                                      United States Magistrate Judge